**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4451
_____

YURIY FAUSTOV,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-243-104)
Immigration Judge:  Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2013
Before: SMITH, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2013)
_____

OPINION
_____

PER CURIAM

Yuriy Faustov, proceeding <u>pro</u> <u>se</u>, petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") decision

denying his applications for asylum, withholding of removal, and protection under the

1

Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

Faustov, a native of the former Soviet Union and citizen of the Ukraine, entered the United States in 1998 as a visitor. In 2009, the Department of Homeland Security issued a notice to appear charging that Faustov is subject to removal because he remained in the United States longer than permitted. Through counsel, Faustov conceded that he is removable. He applied for asylum, withholding of removal, and relief under the CAT.

In support of his applications, Faustov, who is 37 years old, testified that he suffers from diabetes and that he requires a specific form of insulin called Humulin 70/30. Faustov fears that Humulin 70/30 is not available in the Ukraine and that he will die or lose a limb or his sight if he does not have the medication. Faustov's mother, who once worked in the medical field in the Ukraine, testified that Faustov is treated with Humulin 70/30, that the Ukrainian government provides medical care to its citizens, and that individuals with diabetes are not adequately treated.

Faustov further testified that he fears returning to the Ukraine because, when he left in 1998, the "Mafia" was extorting money from him and had burglarized his home. Faustov explained that these criminals had extorted money from his father, who made a good living, until his father came to the United States. The criminals then turned to Faustov. Faustov stated that the men look for people with money and that they watch who comes from the United States. Faustov testified that he reported the burglary to the police but the police did not help. He stated the police and the Mafia are the same. Faustov's mother also testified that

2

people had demanded money and clothes from Faustov and that the family home had been burglarized. Faustov's father is now a lawful permanent resident of the United States and his mother and brother are United States citizens.

The BIA affirmed the IJ's ruling that Faustov is ineligible for asylum because he failed to file a timely asylum application and he had not shown that he qualified for an exception to the deadline. The BIA also concluded that Faustov did not meet his burden of proof for withholding of removal. The BIA found that Faustov did not show that he faces a clear probability of persecution by criminals or the Ukrainian government on account of a statutorily-protected ground. The BIA also ruled that the IJ did not err in denying relief under the CAT because Faustov had not shown that the government is unwilling to provide Humulin 70/30 or intentionally withholds Humulin 70/30 in order to inflict suffering. This petition for review followed.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).[2] "We review the BIA's legal determinations de novo, subject to established principles of deference." Demandstein v. Att'y Gen., 639 F.3d 653, 655 (3d Cir. 2011) (citation omitted). We review the BIA's findings of fact for substantial evidence. Id. Under this standard, we will depart from factual findings only where a reasonable adjudicator would be compelled to reach a contrary conclusion. Id.

---

[1]The BIA also denied Faustov's request for humanitarian relief and for a stay pending the resolution of an appeal of a criminal conviction. These rulings are not at issue.

[2]The BIA remanded this matter to the IJ to grant a new period of voluntary departure because the IJ had granted voluntary departure without advising Faustov that he must submit proof of posting a bond. This remand does not affect our jurisdiction because it will not affect the removal determination. Yusupov v. Att'y Gen., 518 F.3d 185, 195-96 (3d Cir. 2008).

3

We agree with the BIA that Faustov's claim for withholding of removal based on harm by criminals fails because he did not show a clear probability of persecution on account of a statutorily-protected ground, in this case his membership in a "particular social group."[3] We have adopted the BIA's construction of a "particular social group" in Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985), which explained that members of such a group share a common, immutable characteristic that group members either cannot change or should not have to change because the characteristic is fundamental to their individual identities. Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 594-98 (3d Cir. 2011). As the BIA concluded, Faustov's perceived wealth is not such an immutable, fundamental characteristic. If it were, almost any victim of extortion or burglary would belong to a "particular social group." Faustov appears to fear general conditions of crime in the Ukraine, which the BIA correctly stated do not provide a basis for withholding of removal. See Abdille v. Ashcroft, 242 F.3d 477, 494 (3d Cir. 2001) ("ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum").[4]

The BIA also rejected Faustov's claim for withholding of removal based on an inability to obtain Humulin 70/30 in the Ukraine because Faustov did not show that Humulin 70/30 is withheld from those who need it as a means of persecution. The BIA noted that Humulin

_____

[3]Faustov also appears to contest the denial of asylum, but, as noted above, the BIA found his application untimely. Faustov does not address the timeliness of his application in his opening brief . Even if we were to consider the arguments raised in his reply brief, our jurisdiction is limited to constitutional claims and questions of law, Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006), and Faustov does not raise such a claim or question.

[4]To the extent Faustov claims that criminals will target him because he has Western ties, the BIA stated that, even if people with Western ties might be deemed a "particular social group," Faustov did not show that he has been targeted on this basis. The record does not compel a contrary conclusion.

4

70/30 is not available in the Ukraine, but found no evidence showing that the government is unwilling to offer the treatment to a specific group and thus concluded that Faustov did not show that he faces a clear probability of persecution on account of a protected ground. We agree. See Khan v. Att'y Gen., 691 F.3d 488, 499 (3d Cir. 2012) (lack of access to mental health treatment alone does not create a well-founded fear of persecution); Ixtlilco-Morales v. Keisler, 507 F.3d 651, 655-56 (8th Cir. 2007) (alien did not show that inadequate healthcare for HIV-positive individuals in Mexico was an attempt to persecute those with HIV). Because we agree that Faustov's claim fails on this basis, we need not address the BIA's additional conclusion that persons with diabetes who require Humulin 70/30 are not a "particular social group."

The BIA also did not err in upholding the denial of relief under the CAT. The BIA found that Faustov had not shown that the Ukrainian government intentionally withholds Humulin 70/30 in order to inflict suffering for a proscribed purpose. Faustov has not shown that the record compels a contrary conclusion. See also Pierre v. Att'y Gen., 528 F.3d 180, 189 (3d Cir. 2008) (stating the CAT requires a petitioner to show that his prospective torturer will have the motive or purpose to cause him pain or suffering).

Finally, Faustov asserts in his brief that he will be tortured by police and mafia members if removed, but he did not challenge the IJ's decision to the contrary in his appeal to the BIA. We thus may not consider this claim. See Lin v. Att'y Gen., 543 F.3d 114, 119-21 (3d Cir. 2008) (addressing requirement under 8 U.S.C. § 1252(d)(1) that aliens exhaust administrative remedies).

5

Accordingly, we will deny the petition for review.[5]

---

[5]In his reply brief, Faustov asks this Court to reopen his immigration proceedings based on the ineffective assistance of counsel, but such a request is not properly before us.